IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EDNA PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| THE CHILDREN'S PLACE and THE | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Intervenors, | ) | Case No. 05-00929-CV-W-SWH |
| vs. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Mark and Edna Pace, sued FedEx Ground Package System, Inc. (hereinafter FedEx) as the result of injuries Edna Pace sustained on March 24, 2003, while she was employed by The Children's Place, a clothing store in Branson, Missouri. James Stepp, a truck driver for FedEx, was unloading packages to be delivered to The Children's Place. During the process of unloading, the driver was using a dolly or hand-truck. After placing the dolly on the top of some boxes, the dolly fell hitting Edna Pace in the head. Edna Pace sued to recover her damages. Plaintiff's husband also sued to recover damages as the result of her injuries, but prior to the start of trial Mr. Pace dismissed his claim with prejudice. Plaintiff's employer, The Children's Place, and its worker's compensation insurance carrier, The Federal Insurance Company, intervened seeking to recover payments made to Edna Pace as a result of the March 24, 2003, incident. The case was tried to a jury September 5 through 7, 2007, and the jury returned a defense verdict.

Plaintiff and intervenors both filed motions for a new trial alleging that the jury's verdict

and judgment is against the greater weight of the evidence on the issues of liability and damages. (See Docs. # 135 -138) In support of the argument that the verdict was against the greater weight of the evidence, plaintiff and intervenors argue that there was no dispute that James Stepp, an agent for FedEx, had control of the dolly and that Edna Pace was hit on the head with the dolly. Thus, plaintiff/intervenors contend that the reasonable inference from the evidence was that James Stepp was negligent. (See Docs. # 136 and # 138)

Pursuant to Fed. R. Civ. P. 59[1], "[a] motion for new trial based on sufficiency of the evidence should be granted only if the jury's verdict was against the great weight of the evidence, so as to constitute a miscarriage of justice." EFCO Corp. v. Symons Corp., 219 F.3d 734, 739 (8th Cir. 2000). When considering whether to grant a new trial on this ground a court may weigh the evidence and assess the witnesses' credibility. See White v. Pence, 961 F.2d 776, 780-81 (8th Cir. 1992). The evidence must be viewed in the light most favorable to the jury verdict. See Inacom Corp. v. Sears, Roebuck & Co., 254 F. 3d 683, 689 (8th Cir. 2001). The burden of proving the propriety of a new trial is on the moving party. See Kehm v. Proctor & Gamble Company, 580 F. Supp. 890, 896 (N.D. Iowa 1982).

While plaintiff was allowed to submit her case on the theory of *res ipsa loquitor*, this rule of evidence merely creates an inference of negligence. It does not require a finding of negligence. In this case, evidence was presented from which the jury could infer that other factors, such as the wind, shifted the boxes causing the accident that injured Edna Pace.

As in Hansen v Barrett, 186 F. Supp. 527, 532 (D. Minn. 1960), this case was well pleaded,

---

[1] In diversity cases, a motion for new trial is a federal procedural issue governed by federal law. See Pitts v. Electro-Static Finishing, Inc., 607 F.2d 799, 802 (8th Cir. 1979).

well prepared and well presented. Had the jury returned a verdict for plaintiff, it would have been supported by the record. However, the jury returned a verdict for the defendant, which finding was also supported by the record. Accordingly, plaintiff/intervenors are not entitled to a new trial. For these reasons, it is

ORDERED that plaintiff's Motion for New Trial, doc. # 135, and Intervenors' Motion for New Trial, doc. # 137, are denied.

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE